## Smith *v.* Smith's Adm'r.

A motion in the circuit court, made in time, against an administrator to refund money, which has been paid as security for the intestate, and an appearance and resistance of the motion by the administrator, is a sufficient presentation of the claim in compliance with the 115th section of the Orphans' Court law.

Judgment on a claim against an administrator in his representative capacity, is sufficient authentication of such claim within the meaning of the 90th section of the Orphans' Court law.

ERROR to the circuit court of Wilkinson county.

Grayson, for the appellant.
Henderson, *contra.*

Mr. Justice TROTTER delivered the opinion of the court.

This is a writ of error to the circuit court of Wilkinson county. The plaintiff instituted an action of assumpsit in the court below, for the recovery of the sum of 2434 dollars and 63 cents, which he had paid for the defendant's intestate, Prestwood Smith, as his surety. On the trial, the principal defence relied upon, was, that the claim was not presented to defendant, within the time limited by the statute. In answer to this objection, the plaintiff offered in evidence to the jury certain proceedings, which were had on a motion against the defendant in the same court, at a former term, for judgment for the claim in question. This motion was founded upon the 160th section of the circuit court law, which authorises the circuit courts to render judgment on motion, for any sum which any person may have been compelled to pay for another as his security, and it may be had against the principal, or his executors, or administrators. The notice of this motion was acknowledged by the defendant, on the 6th day of May, 1830, which is within the time for presenting claims against an administrator. Notice for this purpose, having been published

[Smith *v.* Smith's Adm'r.]

by the defendant on the 11th day of November, 1828.   There was judgment for the plaintiff on this motion, which was afterwards reversed, by the Court of Errors and Appeals.

The judge below refused to permit this notice, or the subsequent proceedings to go to the jury, and in this, the principal error is assigned.   The only ground, upon which it could be insisted that the notice in this case was not a presentation of the claim within the meaning of the 115th section of the orphans' court law, is, that the same was not authenticated according to the 90th section of the same law.   Surely a presentation of the claim to the administrator, at any time within the eighteen months as required by the act, is made within the letter and spirit of the law, by a notice containing a full and accurate description of the debt, and that judgment will be demanded in the proper tribunals. The object of the statute is, to place it in the power of the administrator to ascertain the situation of the estate, so as to be able to report upon its solvency, or insolvency.   The notice in this case, was calculated to answer this purpose, and was, we conceive, a legal presentation of the demand.   We are at a loss indeed to conceive in what other better mode, the demand could have been made.   This evidence was, therefore, improperly rejected by the court below, unless the provisions of the 90th section of the orphans' court law, make it bad.   That section provides, that no administrator, or collector, or executor, shall discharge any claim against the deceased otherwise, than at his own risk, unless the same be first passed by the orphans' court granting the administration, or be proved, as after provided.   The subsequent provisions of the act require, as the voucher in support of a claim on open account, the affidavit of the party, that the same is just and true as stated, and that no security, or satisfaction for the same, has been received.   It is insisted, that the defendant, as administrator, was not liable to be sued upon this claim because it wanted the voucher, or proof, required by the foregoing section of the act. To give this construction to the act would, as we conceive, be to make the validity of the claim depend upon inferior evidence, contrary to the settled rules of proof.   The affidavit required, can only serve the administrator as a voucher, upon the final settlement of his accounts in the orphans' court; but surely, the judgment of a

[Smith *v.* Smith's Adm'r.]

court of competent jurisdiction would be a higher voucher. The act will not be construed to intend to deprive the plaintiff of the right to establish his claim by regular testimony, in a court of justice. Its only design was, to prevent voluntary payments without proof of the correctness of the debt. The only effect of the statute is, to make the executor, or administrator, liable individually, if he pays the demand without this proof. This cannot be construed to impair the validity of the claim, however, nor to subvert the fixed rights of the parties. When furnished with the voucher, the administrator is protected in the payment, though the claim be unjust. If he pays it without the voucher, it is at his own risk, and he will be compelled, if required, to establish its justice by proof. This is the only fair construction of the law. We are, therefore, of opinion that the proceedings which include the notice of the claim, its character, and amount, should have been permitted to go to the jury, as evidence of a presentment of the same, within the time limited by the statute, and that the provisions of the 90th section of the orphans' court law, did not affect the validity of the claim.

Let the judgment be reversed, and a *venire de novo* awarded.